UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
DONALD HARP,

                                                                               07 CV 4852 (AKH)(MHD)

                                  Plaintiff,

                                                                               **COMPLAINT**

             -against-                                          **PLAINTIFF DEMANDS**
                                                                               **A TRIAL BY JURY**

CITY OF NEW YORK, a municipal corporation,
New York, Police Officer Keith Beddows, Badge # 11898,
individually and as New York City Police Officer,
John Does, individually and as police and
supervisory officers of the New York City Police
Department, the identity and number of whom is
presently unknown,

                                                     Defendants.

------------------------------------------------------------------------- x

      Plaintiff, Donald Harp, by his attorney, Glenn A. Wolther, as and for his complaint alleges as follows:

### Jurisdiction & Venue

1.     Jurisdiction is based on 28 U.S.C. sections 1331 and 1343(a)(3) and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. section 1367, to entertain claims arising under state law.

2.     Pursuant to 28 U.S.C. §1391(b)(2), venue is properly laid in this District in that defendant City of New York resides in this district.

3. On or about, June 12, 2006, a Notice of Claim was timely served upon defendant City of New York.

4. More than thirty days have passed since service of the Notice of Claim and adjustment or payment have been neglected.

**Parties**

5. Plaintiff, Donald Harp, is a resident of New York City and an African American.

6. At all times material herein, the defendant City of New York ("NYC"), was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The New York City Police Department ("NYPD") is a non-suable subdivision of NYC and its employees are employees of NYC.

7. Upon information and belief, Keith Beddows, Badge # 11898, was at all relevant times herein employed by NYC as a Police Officer. He is sued both in his personal and official capacities.

8. Upon information and belief, defendant John Does, were at all relevant times herein, employed by NYC as Police Officers and / or Supervisory Police of higher ranks. They are sued both in their personal and official capacities and as supervisors. Their true identity and number is presently unknown.

9. At all material times herein and in their actions described herein, all individual defendants were acting under color of law and pursuant to their authority as police officers and employees of NYC.

**Facts**

10. On or about March 12, 2006, at approximately 10:35 PM plaintiff Donald Harp was walking towards his car in the vicinity of Delano Village complex, which is near the intersection of Chisum Place and 139th Street within New York County.

11. Harp was approached by defendants Beddows and John Doe One. Beddows detained plaintiff and inquired where he was going, to which Mr. Harp responded. At that point Harp was released and he resumed walking toward his car.

12. Thereafter, Harp was again stopped by the defendants, including additional John Doe members of the NYPD, who, without explanation, seized plaintiff.

13. The defendants brought plaintiff to a nearby apartment building. The defendants refused to tell Mr. Harp where he was being taken.

14. The defendants then directed plaintiff to enter the apartment building. The plaintiff, who did not understand why he had been detained, or the defendants'

intentions, initially stated that he did not want to enter the building. Beddows, threatened to physically injure plaintiff if he did not comply. Based upon the words and actions of Beddows, plaintiff was placed in fear of physical harm.

15. Against his will, plaintiff was brought to an apartment building where he was presented to a civilian in a show-up identification procedure.

16. The civilian witness affirmatively stated that plaintiff was not the person for whom the defendants were apparently searching, and he was eventually released from defendants' custody.

17. Upon information and belief, the only characteristic shared by the plaintiff and the suspect sought by the defendants was Mr. Harp's race.

18. Upon information and belief, the defendants lacked legal cause to stop Mr. Harp, and for their continued detention thereof, and it was unreasonable for the defendants to believe that any such cause existed.

19. Based upon the defendants' conduct, the plaintiff did not feel free to leave, nor was he actually free to leave.

20. Had the NYPD members been properly trained and supervised the incident would not have occurred. Moreover, had NYC properly screened it applicants they

would not have hired the members of the NYPD that committed the above referenced acts.

21. Upon information and belief, all of the above actions were made possible by the NYC's negligent training and negligent supervision of the above individuals.

# FIRST CAUSE OF ACTION
# FEDERAL CLAIMS
# AGAINST INDIVIDUAL DEFENDANTS

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as if repeated fully herein.

23. Upon information and belief, defendants violated, conspired to violate, and aided and abetted in the violation of plaintiff s clearly established and well-settled federally protected rights.

24. The acts and conduct described herein deprived the plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of violation of and 42 U.S.C. §§ 1981, 1983:

    (a)    To be free of unreasonable seizure of his person by police officers acting under color of law;

    (b)    To be free from retaliation base upon his right to freedom of

    speech;

  (c)  Not to be deprived of liberty without due process of law;

  (d)  Not to be deprived of equal protection of the laws;

  (e)  To be free from racial discrimination.

25. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive and/or deliberately indifferent.

26. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, emotional and physiological injuries, pain and suffering, humiliation, embarrassment, economic loss, and other damages.

### SECOND CAUSE OF ACTION
### STATE COMMON LAW CLAIMS
### AGAINST ALL DEFENDANTS

27. The allegations of paragraphs 1 through 26 inclusive are incorporated by reference herein.

28. It was the duty of defendants to obey the law and protect plaintiff's rights. The defendants' breached those duties and acted negligently.

29. The acts and conduct of the defendants also constitute false arrest, false imprisonment, assault, battery, negligence, negligent hiring, negligent training, negligent retention, negligent supervision, and negligent infliction of emotional distress under the laws of the State of New York.

30. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

31. Individual defendants acted within the scope of their employment at times material herein, and the municipal defendant is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within its control.

32. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiff to suffer emotional injuries, emotional suffering, mental anguish, humiliation and embarrassment, economic loss deprivation of liberty, and other damages.

### THIRD CAUSE OF ACTION
### STATE CONSTITUTIONAL CLAIMS
### AGAINST ALL DEFENDANTS

33. The allegations of paragraphs 1 through 32 inclusive are incorporated by reference herein.

34. Upon information and belief, defendants violated, conspired to violate, and aided and abetted in violating plaintiff's rights under, *inter alia,* Article I sections 6, 8 and 11, 12 of the Constitution of the State of New York.

35. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

36. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, emotional injuries, mental and emotional distress, pain and suffering, humiliation, embarrassment, economic loss and other damages.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the individual defendants:

   (a) full and fair compensatory damages in an amount to be determined by a jury;

   (b) punitive damages in an amount to be determined by a jury;

   (c) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

   (d) such other and further relief as appears just and proper.

And the following relief against the municipal defendant:

(a) full and fair compensatory damages in an amount to be determined by a jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

Dated: New York, New York
June 7, 2007

>BY: /s/ Glenn A. Wolther
Glenn A. Wolther (GW-5740)
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
Fax: (212) 964-0763
*Attorney for plaintiff*